Juarez-Lucas v. Blanche

BIA
Hochul, IJ
A208 182 216/217/218

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> *Chief Judge*,
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

GLENDY AMARILIS JUAREZ-LUCAS,
Y.Y.M.-J., K.S.M.-J.,
> *Petitioners*,

v.

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

23-7323
NAC

_____

**FOR PETITIONERS:**  Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Colin J. Tucker, Senior Litigation Counsel; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Guatemala, seek review of a September 11, 2023 decision of the BIA affirming an August 8, 2019 decision of an Immigration Judge ("IJ") that denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Juarez-Lucas, et al.,* Nos. A 208 182 216/217/218 (B.I.A. Sep. 11, 2023), *aff'g* Nos. A 208 182 216/217/218 (Immig. Ct. Buffalo Aug. 8, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the

---

[1] This order refers only to Juarez-Lucas because her children's applications are based on the same facts.

2

BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  "We review *de novo* questions of law and the application of law to fact" and "[w]e review the agency's factual findings . . . under the substantial evidence standard."  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

## I.    Asylum & Withholding

Juarez-Lucas bore the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [her]."  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b).  When an applicant asserts a particular social group as the protected characteristic, she must establish both that the proposed particular social group is cognizable and that the persecutor was or will be motivated by her membership in the group.  *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).  To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Id.* at 196 (*quoting In re M-E-V-G-*, 26 I. &

3

N. 227, 237 (B.I.A. 2014)). The applicant bears the burden to "specifically delineate her proposed social group." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. 189, 191 (B.I.A. 2018).

Juarez-Lucas failed to show that she was a member of the group she proposed, namely, "family members of those who totally oppose gangs in their country by agreeing to be prosecutorial witnesses." Cert. Admin. R. 136. She did not allege or establish that she or anyone in her family had been or would be a prosecutorial witness. Thus, substantial evidence supports the agency's conclusion that she did not satisfy the protected characteristic requirement for asylum or withholding. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, [her] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Moreover, Juarez-Lucas has abandoned any challenge to the agency's finding that an alternate proposed social group consisting of individuals returning from the United States who would be perceived as wealthy was likewise not cognizable. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

4

Because Juarez-Lucas's failure to establish a protected ground is dispositive of asylum and withholding of removal, we need not address her arguments regarding other elements of these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

## II. CAT Relief

Juarez-Lucas bore the burden to establish she would "more likely than not" be tortured, and that such torture would be by or with the acquiescence of the Guatemalan government. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592–94 (2d Cir. 2021). She argues, without citation to the record, that gangs control government officials through bribes and that the Guatemalan government is thus unable to protect citizens from gang violence. Insofar as Juarez-Lucas relies on country conditions evidence of general crime and violence to support the argument, that evidence is not enough to show that Juarez-Lucas is more likely than not to be tortured, particularly since the Guatemalan police took her family's complaints and arrested a person who threatened one of her brothers. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring applicant to establish that "someone in h[er] particular alleged circumstances is more likely than not to be tortured" (cleaned

5

up)); *see also Quintanilla-Mejia*, 3 F.4th at 592–94 (holding that record did not compel finding of acquiescence where evidence demonstrated a government's efforts to address gang violence).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court